IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RONNIE MARTIN                                                                                          PLAINTIFF

vs.                                          Civil No. 1:12-cv-01035

CAROLYN COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Ronnie Martin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI, were filed on November 10, 2009. (Tr. 9, 124-131). Plaintiff alleged he was disabled due to high blood pressure, stroke, diabetes, enlarged heart, and blind spot on left side.  (Tr. 163).  Plaintiff alleged an onset date of August 8, 2007.  (Tr. 164). These applications were denied initially and again upon reconsideration. (Tr. 60-72).  Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 73).

Plaintiff's administrative hearing was held on July 6, 2010. (Tr. 26-52). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mac Welch testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 29).

On October 18, 2010, the ALJ entered a decision finding Plaintiff disabled beginning on November 19, 2009. (Tr. 9-18). In this decision, the ALJ determine the Plaintiff met the insured status of the Act thorough September 30, 2011. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his onset date. (Tr. 11, Finding 2).

The ALJ determined Plaintiff had the severe impairment of cerebrovascular accident and diabetes mellitus since the alleged onset date of August 8, 2007. Beginning November 19, 2009, Plaintiff had the severe impairments of cerebrovascular accident, diabetes mellitus, and diabetic neuropathy. (Tr. 11-12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible prior to November 19, 2009. *Id.* Second, the ALJ determined that prior to November 19, 2009, Plaintiff retained the RFC to perform the full range of

2

sedentary work. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 7). The ALJ found Plaintiff unable to perform his PRW since August 7, 2007. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform prior to November 19, 2009. (Tr. 16-17, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 201.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 16-17). However, the ALJ then found that since November 19, 2009, there was no other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 12). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, prior to November 19, 2009, but became disabled on that date. (Tr. 17, Finding 13).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 23). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 9, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 9, 2012. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5, 8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

3

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by finding Plaintiff disabled as of November 19, 2009 instead of an earlier date, and in determining Plaintiff's RFC (B) by not considering Plaintiff's impairments in combination, (C) in assessing Plaintiff's credibility, and (D) defective hypothetical to VE. ECF No. 5, Pgs. 11-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed

5

RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, Plaintiff received a partially favorable decision. The ALJ found Plaintiff was not disabled prior to November 19, 2009 but became disabled from that date forward. (Tr. 17). The ALJ determined Plaintiff retained the RFC for the full range of sedentary work prior to November 19, 2009. (Tr. 12, Finding 5). Plaintiff argues the ALJ erred in this RFC determination and his disability date should be prior to November 19, 2009. ECF No. 5, Pgs. 2-4, 11-12. However, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of sedentary work prior to November 19, 2009.

Plaintiff suffered a stroke on August 8, 2007. (Tr. 159). From August 9, 2007 through August 14, 2007 Plaintiff was hospitalized at the Medical Center of South Arkansas for an acute cerebrovascular accident with left hemipelgia. (Tr. 236-258). Plaintiff was also diagnosed with diabetes mellitus, hypertension and hyperlipidemia. (Tr. 237). Plaintiff's CT of the brain revealed a possible new right-sided cerebrovascular accident and some old areas of infarction. (Tr. 244). Plaintiff was discharged with 75% resolution of his symptoms. It was noted also Plaintiff's weakness of the left arm and leg seemed to be improving and no mental changes were noted. (Tr. 237).

On October 12, 2007, Plaintiff underwent a CT angiography. (Tr. 233-235). The tests

revealed a moderately severe diffuse small vessel atherosclerotic vascular disease of the intra-cranial circulation and no significant atherosclerotic vascular disease of either common carotid artery bifurcation or the brachiocepahlic artery origins. (Tr. 235).

On October 7, 2008, Plaintiff was seen at the Interfaith Clinic. (Tr. 341). It was recommended Plaintiff begin a cardiovascular program. *Id.* When seen again on April 21, 2009, Plaintiff reported he was doing great. (Tr. 338). He was also advised to stop smoking. *Id*. Plaintiff was also seen on September 17, 2009. (Tr. 335). During that visit he was advised to stop smoking and it was recommended that he walk 2 -3 miles a day. *Id.*

The record indicates that following Plaintiff's alleged onset date of August 8, 2007, Plaintiff had earnings of $5805.00 for 2008. Furthermore, the record suggests Plaintiff was working for a portion of 2009 based upon his comment of "I have found a job" when seen June 17, 2009 and "diving a truck" when seen September 17, 2009 at the Interfaith Clinic. (Tr. 335).

Plaintiff returned to Interfaith Clinic on November 19, 2009, the date the ALJ found Plaintiff's disability began. (Tr. 357). During this visit, Plaintiff complained of body numbness that was worsening. *Id.* According to this record, it was also recommended Plaintiff seek to obtain disability. *Id*. Also, as the ALJ noted, subsequent medical records showed continued complaints of paralysis with no signs of improvement. (Tr. 381-382).

The ALJ relied on these records in determining Plaintiff's RFC assessment and date of disability of November 19, 2009. As discussed by the ALJ, prior to November 19, 2009, Plaintiff had no work restrictions placed upon him. (Tr. 16). However, on November 19, 2009, Plaintiff was encouraged to seek disability by his physician.

On December 21, 2009, Dr. Lucy Sauer prepared a Physical RFC assessment of Plaintiff. (Tr. 369-376). Dr. Sauer's assessment was Plaintiff had the RFC to perform sedentary work*. Id.*

7

The ALJ acknowledges this finding was consistent with his RFC assessment. (Tr. 15). Plaintiff argues the ALJ provided too much weight to the opinion of Dr. Sauer, however, it is clear the ALJ also relied upon the opinions of Plaintiff's physicians in his finding of Plaintiff's RFC and the date of disability.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of sedentary work prior to November 19, 2009. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 12, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform the full range of sedentary

work prior to November 19, 2009. (Tr. 12, Finding 5). The ALJ went on to state Plaintiff's RFC prior to November 19, 2009, would not preclude him from performing other work that exists in significant numbers in the national economy. (Tr. 16, Finding 11).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged he suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 5, Pages 14-15. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 8, Pages 10-11.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

9

and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 13-15). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling his symptoms with no reported side effects, and (5) Plaintiff's employment activities are inconsistent with his alleged disability date. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### D. Questioning of VE

Plaintiff alleges the ALJ committed error because he asked a defective hypothetical to the VE. ECF No. 5, Pg. 16. However, based on the ALJ's findings, no VE testimony was needed.

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to

hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

In this matter, the ALJ found Plaintiff did not have non-exertional limitations and had the RFC to perform the full range of sedentary work prior to November 19, 2009. (Tr. 12, Finding 5). As discussed above, substantial evidence supports this finding. As a result, the ALJ used Medical-Vocational Guidelines Rule 201.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22.

Having already found the ALJ's RFC determination is supported by sufficient medical evidence, the court finds the ALJ's use of Medical-Vocational Grids to reach a conclusion of "not disabled" is also supported by substantial evidence.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of May 2013.**

                                                 /s/ Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U. S. MAGISTRATE JUDGE